UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ROBERT J. WALLISH III,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF DEFENSE,<br><br>Defendant. | Civil Action No. 24-cv-00616 (TSC) |

**MEMORANDUM OPINION**

On March 4, 2024, Plaintiff Robert Wallish—a fifteen-year veteran of the United States Army—sued the United States Department of Defense ("DOD"), alleging that DOD unlawfully denied him disability retirement benefits. Compl. ¶ 1, ECF No. 1. Specifically, he alleges that the Physical Disability Board of Review ("PDBR")—a review board within the Office of the Secretary of Defense that reviews disability determinations—improperly evaluated his disabilities. *Id.* ¶ 2. Plaintiff challenges the PDBR's January 18, 2022, decision denying him disability retirement as arbitrary and capricious, unsupported by substantial evidence, and contrary to law, in violation of the Administrative Procedure Act, 5 U.S.C. § 706(2). Am. Compl. ¶¶ 99–103, ECF No. 19.

On February 14, 2025, DOD moved for a voluntary remand to the Army Board for Correction of Military Records ("Board")—the entity now responsible for acting on cases previously under the purview of the PDBR—to reconsider the Board's decision and to stay this action during the pendency of the Board's review. Def.'s Mot. for Voluntary Remand and Stay of Proceedings ("Def.'s Mot."), ECF No. 28. Plaintiff consents to a remand but requests that the court's remand order include specific instructions to the Board on time limits and on providing

Page **1** of **6**

supplemental information.  Pl.'s Partial Opp'n to Def.'s Mot. for Voluntary Remand and Stay of Proceedings and Cross-Mot. for Voluntary Remand and Stay of Proceedings at 1–2 ("Pl.'s Mot."), ECF No. 30.  Given that existing procedures safeguard Plaintiff's interests, and finding no need to amend or alter the Board's policies and procedures, the court will GRANT Defendant's motion for a remand and stay and will DENY Plaintiff's cross-motion.

Plaintiff served with distinction in the Army for more than fifteen years until he was honorably discharged on March 31, 2005, due to severe physical disabilities he developed as a result of his service.  Am. Compl. ¶ 1.  He argues that he is entitled to a disability retirement, including lifetime medical benefits, but for fifteen years, DOD "has unlawfully denied him the disability retirement he deserves."  *Id.* ¶ 1.

In order to decide whether a service member qualifies for medical retirement, the Army must evaluate the service member and make certain determinations about their physical or mental disability, which includes assigning the member a "disability rating."  *See* 10 U.S.C. § 1201.  The process for evaluating a service member's fitness for duty because of a possible disability is typically triggered upon a referral to the Army's Medical Evaluation Board ("MEB").  Am. Compl. ¶ 9.  If the MEB determines that the service member's condition does not meet the standards to stay in the Army, it refers the member's case to an evaluative body governed by the DOD—the Physical Evaluation Board ("PEB").  *Id.*  The PEB evaluates the service member and makes findings and recommendations about the member's fitness for duty and statutory eligibility for benefits.  *Id.* ¶ 10.  The PDBR is tasked with reassessing the PEB's findings.  *See id.* ¶ 23.

After Plaintiff submitted a series of rebuttals, reassessments, and appeals of the Army's findings on his disability rating, in 2006, PEB ultimately found that Plaintiff was unfit for continued service but was not entitled to a medical retirement.  *Id.* ¶ 46.  On June 2, 2020, Plaintiff

filed an application with the PDBR to appeal PEB's decision, and on January 18, 2022, the PDBR ultimately issued a decision slightly increasing Plaintiff's disability rating. *Id.* ¶¶ 50–57. But, according to Plaintiff, "[j]ust like the PEB, the PDBR's decision relied on cherry-picked evidence," "ignor[ed] arguments and evidence submitted," and "turn[ed] a blind eye to [Plaintiff's] severe medical conditions." *Id.* ¶¶ 58–59. Accordingly, on March 4, 2024, Plaintiff filed suit in this court challenging PDBR's January 18, 2022, decision.

In February 2025, both parties moved to remand this case to the Board and consented to a stay of proceedings before this court for the duration of remand proceedings. The parties disagree, however, on the instructions that the court should include in its proposed order.

Accordingly, on May 12, 2025, the court issued a Minute Order directing the parties to meet and confer and file a joint status report indicating whether they could agree on proposed remand instructions and identifying any remaining disagreements. May 12, 2025 Min. Order. The parties ultimately agreed that the remand order need not contain certain specific instructions that Plaintiff initially requested. *See* Joint Status Report ¶ 5, ECF No. 33. The parties also agreed that, as a condition of the remand, defense counsel will provide any materials that Plaintiff submits on remand to the Board for its consideration. *Id.* ¶ 4.

There are two outstanding disagreements on the remand instructions: First, Plaintiff requests a specific instruction that he shall submit a brief in support of his application, along with any supporting documentation, for the Board's consideration within 30 days of the court's order. *Id.* ¶ 7. He argues that this instruction "is necessary to ensure the Board reviews the relevant portion of the administrative record." *Id.* Second, Plaintiff requests that the "remand order include a 180-day time limit for the Board to complete its reevaluation to ensure this matter is timely resolved." *Id.* ¶ 8.

Administrative agencies have the inherent power to reconsider their own decisions through a voluntary remand. *Code v. McHugh*, 139 F. Supp. 3d 465, 468 (D.D.C. 2015). An "agency may request a remand (without confessing error) in order to reconsider its previous position." *Util. Solid Waste Activities Grp. v. EPA*, 901 F.3d 414, 436 (D.C. Cir. 2018) (citation omitted). A "voluntary remand request . . . may be granted only when the agency intends to take further action with respect to the original agency decision on review." *Limnia, Inc. v. United States Dep't of Energy*, 857 F.3d 379, 386 (D.C. Cir. 2017). Courts have broad discretion to grant or deny a remand motion. *Util. Solid Waste*, 901 F.3d at 436.

Courts prefer to allow "agencies to cure their own mistakes rather than wast[e] the courts' and the parties' resources reviewing a record that both sides acknowledge to be incorrect or incomplete." *See Ethyl Corp. v. Browner*, 989 F.2d 522, 524 (D.C. Cir. 1993). In deciding a motion to remand, the court must consider whether remand would unduly prejudice the non-moving party. *Util. Solid Waste*, 901 F.3d at 436. It is appropriate to deny remand if the agency's request appears to be frivolous or made in bad faith. *Id.*

The court agrees with Defendant that including the two proposed instructions is unnecessary, as there are already statutory and procedural safeguards in place that address Plaintiff's concerns.

First, Plaintiff requests that the court include an instruction that he shall submit a brief in support of his application, along with any supporting documentation, for the Board's consideration within 30 days of the court's remand order to ensure the Board reviews the relevant portion of the administrative record. Joint Status Report ¶ 7. The court declines to give this instruction because Defendant has already agreed to allow Plaintiff to "augment his arguments and present additional evidence to the [] Board, including by filing a brief and providing comments in response to any

advisory opinions obtained by the Board." Def.'s Mot. at 8. Defense counsel also agreed to provide any materials that Plaintiff submits on remand to the Board for its consideration. Joint Status Report ¶ 4. And the Board is already required to consider any new materials Plaintiff submits on reconsideration. *See* 10 U.S.C. § 1552(a)(3)(D) ("Any request for reconsideration of a determination of a board under this section, no matter when filed, shall be reconsidered by a board under this section if supported by materials not previously presented to or considered by the board in making such determination.").

Given Defendant's concessions and the procedural safeguards already in place, the court's intervention is unwarranted and mandating the proposed instruction "would violate the very basic tenet of administrative law that agencies should be free to fashion their own rules of procedure." *Perez v. Mortg. Bankers Ass'n*, 575 U.S. 92, 102 (2015) (citation and internal quotation marks omitted); *see also Vermont Yankee Nuclear Power Corp. v. Nat. Res. Def. Council, Inc.*, 435 U.S. 519, 544–45 (1978) (finding that "dictating to the agency the methods, procedures, and time dimension of the needed inquiry" risks "propelling the court into the domain which Congress has set aside exclusively for the administrative agency.") (citation and internal quotation marks omitted).

Second, Plaintiff asks the court to impose a 180-day time limit for the Board to complete its revaluation, arguing that "[t]his time limit is necessary to ensure an expedient outcome." Pl.'s Mot. at 4. The court understands Plaintiff's concern about the timeliness of the Board's decision. But as Defendant points out, Congress has already provided regulations on timeliness: the Board must take final action on 90% of its decisions in 10 months and 100% of its actions in 18 months. 10 U.S.C. § 1557(a)–(b). Moreover, Defendant proposes that the parties file recurring joint status

reports for the court to monitor the progress of the remand proceedings. Def.'s Mot. at 1. Given these statutory and procedural safeguards, the court finds no need to impose any time limit.

In support of his requests, Plaintiff points to three unpublished orders where courts have included similar instructions. *See Gubera v. Austin, et al.*, 1:23-cv-01425, Joint Proposed Order, ECF No. 12 (D.D.C., July 24, 2023); *Sines v. United States Dep't of the Navy*, 1:23-cv-02654, Proposed Order, ECF No. 15-1 (D.D.C., Feb. 2, 2024); *Harris v. United States Dep't of the Navy*, 1:22-cv-00490, Proposed Order, ECF No. 11-1 (D.D.C., May 13, 2022). But, in those cases, unlike here, the parties agreed on and jointly proposed those instructions based on the circumstances of those cases. Defendant asks the court to recognize the agency's need to follow its own procedures and practices and to ensure an equitable distribution of its resources for all service members and veterans seeking relief. Def.'s Mot. at 2. The court sees no need to, and therefore will not, interfere with DOD's procedures and practices for reviewing records correction applications.

For these reasons, the court will GRANT Defendant's Motion for Voluntary Remand and Stay, ECF No. 28, and DENY Plaintiff's Cross-Motion for Voluntary Remand and Stay, ECF No. 30. The court will REMAND Plaintiff's application to the Army Board for Correction of Military Records ("Board") and will STAY this action during the pendency of the Board's review. An Order with further details will accompany this Memorandum Opinion.

Date: June 4, 2025

*Tanya S. Chutkan*
TANYA S. CHUTKAN
United States District Judge